**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **CHRISTOPHER L. HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:14-15925** |
| ) | |
| **K. MARTIN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 6, 2014, Plaintiff, an inmate formerly incarcerated at FCI McDowell,[1] and acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and Costs and Complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] (Document Nos. 1 and 2.) In his Compliant, Plaintiff names the following as Defendants: (1) K. Martin, Lieutenant; (2) R. Tipton, SIS Lieutenant; and (3) C. Broton, SIS Lieutenant. (Document No. 2.) Plaintiff complains that Defendants violated his constitutional rights by denying him access to the courts and filing a disciplinary incident report against him. (Id., p. 1.) Plaintiff explains that on January 23, 2014, he filed a Complaint in the Circuit Court of McDowell against United States Attorney General Eric Holder. (Id., p. 6.) Plaintiff alleges that "[o]n February 18, 2014, the Mid-Atlantic Regional Office received a copy of the Summons issued by the McDowell County Circuit Court (Case No. 14-C-15) to Eric Holder." (Id.) Plaintiff

---

[1] The Bureau of Prisons' Inmate Locator indicates that Plaintiff is currently incarcerated at USP Lee, located in Jonesville, Virginia.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

states that on the same day, the Legal Department at Beckley "indicated that Inmate Harris used the mail for an attempt to file a civil suit against the U.S. Attorney General Eric Holder to gain his release from prison." (Id.) As a result of the foregoing, Plaintiff states that "K. Martin, d.b.a., Lieutenant, ordered Inmate Harris to be detained under investigation" and "R. Tipton, d.b.a., SIS Lieutenant, illegally seized and then searched Inmate Harris' legal papers and effects." (Id., p. 7.) Plaintiff alleges that "[o]n April 20, 2014, C. Broton, d.b.a. SIS Tech., charged Inmate Harris with 'Use of the mail for an illegal purpose or to commit or further a greatest category prohibited act,' for attempting to file a civil suit against Eric Holder."[3] (Id.) Plaintiff alleges that Defendants' above conduct resulted in a violation of his constitutional rights. (Id., pp. 8 - 10.) Plaintiff requests "compensatory, punitive, and declaratory relief." (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of the "Administrative Detention Order" dated February 18, 2014 (Id., p. 11.); (2) A copy of the "Incident Report" dated February 18, 2014, charging Plaintiff with violating Prohibited Act Code 196A, 204A, and 314 (Id., p. 12.); (3) A copy of the "Receipt-Administrative Remedy" dated March 26, 2014, from the Administrative Remedy Coordinator at FCI McDowell (Id., p. 13.); and (4) A copy of the "Receipt-Administrative Remedy" dated April 24, 2014, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 14.).

On May 22, 2014, Plaintiff filed a "Motion for Preliminary Injunction Ordering the Defendants to Release Plaintiff from Unlawful Detention." (Document No. 7.)

---

[3] The Incident Report charged Plaintiff with "trying to use fictitious financial instruments, W9 IRS form and a fake contract to have the courts in McDowell County to release him from prison." (Document No. 2, p. 12.)

**STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

**DISCUSSION**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow

3

citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

**1.     Exhaustion of Administrative Remedies.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[4] <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all

---

[4] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner

has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations

omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal

"Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In his Complaint, Plaintiff acknowledges that he did not exhaust his administrative remedies. (Document No. 2, p. 4.) Plaintiff states that his appeal to the Mid-Atlantic Regional Director "is now pending, which Inmate Harris will forward to this Court upon disposition." (Id.) Plaintiff appears to contend that he should be excused from exhaustion because of "deliberate hindrance and delay of process and return of Harris' submitted remedies." As stated above, the plain language of the statute requires that only "available" administrative remedies be exhausted. Thus, the mandatory exhaustion

requirement may be excused if the administrative remedy process is rendered unavailable. The United States Supreme Court, however, has stated that it "will not read futility or other exceptions into statutory exhaustion requirements. . . ."[5] Booth v. Churner, 532 U.S. 741, n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); also see Massey, 196 F.3d at 727("[T]here is no futility exception to the PLRA's exhaustion requirement."); Jacocks v. Hedrick, 2006 WL 2850639, * 5 (W.D.Va. Sept. 29, 2006)(finding that inmate's alleged pain and suffering after the loss of his eye were not special circumstances that would excuse his failure to exhaust where he had filed prior grievances complaining of other matters). Plaintiff acknowledges that he has filed an appeal with the Regional Director and is awaiting a response. Although Plaintiff appears to contend that he should be excused from exhaustion because of a hindrance or delay concerning responses to his administrative remedies, the record does not support such a finding. FCI McDowell's "Receipt - Administrative Remedy" reveals that Plaintiff's administrative remedy request was received on March 24, 2014, and a Response was due by April 13, 2014. (Document No. 2, p. 13.) The Warden denied Plaintiff's administrative remedy request, and Plaintiff filed his appeal to the Regional Director on April 18, 2014. (Id., p. 14.) The "Receipt - Administrative Remedy" from the Mid-Atlantic Regional Office reveals that a Response to Plaintiff's appeal was due by May 18, 2014. (Id.) Instead of completing

---

[5] Plaintiff appears to rely on the exhaustion standard for Section 2241 Petitions. Unlike the exhaustion requirement for Section 1983 and *Bivens* actions, the exhaustion requirement for Section 2241 Petitions are judicially imposed. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3rd Cir. 1996); *McCallister v. Haynes*, 2004 WL 3189469 (N.D.W.Va. 2004). Since the exhaustion requirement for a Section 2241 Petition is judicially imposed, the Court has discretion to waive that requirement in certain circumstances. *See LaRue v. Adams*, 2006 WL 1674487, * 8 (S.D.W.Va. June 12, 2006)(*citing Smith v. Angelone*, 111 F.3d 1126, 1129-31 (4th Cir.), *cert. denied*, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d. 1036 (1997)). Courts, therefore, have recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark." *Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy).

the administrative remedy process, Plaintiff filed his Complaint with his Court on May 6, 2014. (Document No. 2.) Thus, Plaintiff filed his Complaint with this Court nearly two weeks prior to the deadline for the Regional Director's Response. Based on the foregoing, the undersigned finds that Plaintiff has failed to allege or demonstrate that the administrative remedies process is unavailable. See Ruggiero v. County of Orange, 467 F.3d 170, 178 (2nd Cir. 2006)(affirming dismissal for failure to exhaust because Plaintiff "points to no affirmative act by prison officials that would have prevented him from pursuing administrative remedies."); Sheldon v. Bledsoe, 2007 WL 806124 (W.D.Va. March 15, 2007)(finding plaintiff's "vague and conclusory statements that he was denied the use of the administrative remedy procedures cannot withstand defendants' specific evidence about his administrative remedy history on issues unrelated to this case"). The undersigned, therefore, recommends that Plaintiff's Complaint be dismissed in view of his failure to exhaust the administrative remedies provided under the BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, prior to filing his Complaint. Notwithstanding Plaintiff's failure to exhaust, the undersigned will briefly consider the merits of his claim.

**2.       Access to the Courts:**

An inmate's complaint alleging deprivation of the right of access to the Courts must contain specific allegations respecting the conduct of prison officials which resulted in the deprivation and an injury which the inmate actually sustained. See O'Dell v. Netherland, 112 F.3d 773, 776 (4th Cir. 1997)("Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to the capability of bringing contemplated challenges to sentences or conditions of confinement to the courts.'" quoting Lewis v. Casey, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.

1996). Plaintiff appears to argue that Defendants denied him access to the courts by seizing his "legal papers and effects." Plaintiff, however, has not alleged any actual injury nor is one evident from the record. Plaintiff has been able to initiate six civil actions with this Court and submitted numerous documents for filing in those actions. (Case Nos. 1:13-cv-11595, 1:13-cv-22649, 1:14-cv-00584, 1:14-cv-11734; 1:14-cv-12662, 1:14-cv-15925). Accordingly, the undersigned finds that Plaintiff's above claim should be dismissed.

3.  **Prison Discipline Has Not Been Vitiated:**

Plaintiff appears to allege that his due process rights were violated because he was improperly convicted during prison disciplinary proceedings. In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was denied due process in connection with his prison disciplinary hearing, (2) that his contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing, and (4) that his claim is therefore barred.[6]

**4.     Motion for Temporary Restraining Order and a Preliminary Injunction:**

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

---

[6] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. The undersigned notes that Plaintiff does not allege he was denied any of the above procedural safeguards.

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

Based upon the foregoing, the undersigned has recommended that Plaintiff's Complaint be dismissed as to all Defendants. Accordingly, the undersigned finds that Plaintiff's request for injunctive relief should be denied as he cannot establish that he is likely to succeed on the merits.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document

No. 1.), **DENY** Plaintiff's Motion for Preliminary Injunction (Document No. 7.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: October 28, 2014.

R. Clarke VanDervort
United States Magistrate Judge